**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OSCAR CHALI JACOBO, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 3:26-cv-01210-CB |
| | ) | |
| v. | ) | |
| | ) | |
| FIELD OFFICE DIRECTOR. et al., | ) | Chief Judge Cathy Bissoon |
| | ) | |
| Respondents. | ) | |
| | ) | |

**<u>MEMORANDUM ORDER</u>**

Petitioner's Motion for a Temporary Restraining Order, Preliminary Injunction, and

Immediate Release ("TRO Mot." or "Mot.") (Doc. 2) is **DENIED** insofar that it seeks relief via a

temporary restraining order.

Petitioner represents that he is a citizen of Guatemala currently detained at the

Moshannon Valley Processing Center ("Moshannon") who was arrested on an unknown date[1]

after residing in the United States for more than seventeen years.  See Mot. at 1–2.  On June 23,

2026, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and

Emergency Request for Immediate Release ("Petition") (Doc. 1) alongside the TRO Motion

(Doc. 2).

Petitioner substantively challenges his detention under 28 United States Code Sections

2241 and 2243 and the Fifth Amendment of the United States Constitution.  See id.  at 1, 4; Pet.

at 1–2.  Petitioner highlights his family and community ties, the length of time he has resided in

---

[1] The Court can deduce that Petitioner has been in custody since at least June 15, 2026 (the date of his Motion).  TRO Mot. at 5.  However, Petitioner only describes his detention as having happened "on or about Wednesday at approximately 10:30 a.m."  Pet. at 3.

1

the United States and the lack of flight risk or danger to the community his case presents.  See

Mot. at 1–4; Pet. at 1–5.   The TRO Motion asserts four relevant requests for relief:  (1)

immediate release from custody pending resolution of these proceedings; (2) a prohibition on his

transfer to another facility; (3) a prohibition of his removal from the country while his petition is

pending and (4) preservation of records.  Mot. at 5.  The requested relief will not be granted at

this time.

The TRO Motion seeks essentially the same substantive relief already sought in the

Petition itself, including the requests (among other relief) for Petitioner's immediate release from

detention and prohibition on his transfer to another detention facility.  Pet. at 1, 6.  The Court

promptly will consider this relief when determining the merits of the Petition on an expedited

case management schedule, and finds no reason to issue a TRO as well.  Moreover, Petitioner

has not demonstrated such immediate and irreparable injury to justify the issuance of a TRO

before notice to the government or an opportunity to be heard in opposition.  See Fed. R. Civ. P.

65(b) (authorizing TROs without notice if the facts "clearly show that immediate and irreparable

injury, loss, or damage will result to the movant before the adverse party can be heard in

opposition").  Petitioner's transfer to an immigration detention facility outside this district would

not deprive the Court of jurisdiction over the Petition.  See Khalil v. President, United States,

164 F.4th 259, 269–71, 273 (3d Cir. 2026) (holding that habeas jurisdiction remains with the

district of the detainee's confinement at the time of filing, regardless of subsequent transfer of

the detainee out of the district or amendment of the petition).[2]  Nor does it appear that

_____

[2] Additionally, the Court has doubts as to whether it has jurisdiction to enjoin Respondents from transferring Petitioner to another detention facility.  See 8 U.S.C. § 1252(a)(2)(B)(ii) (("Notwithstanding any other provision of law . . . , including section 2241 of title 28, or any other habeas corpus provision, . . . no court shall have jurisdiction to review . . . any [] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which

2

Respondents could immediately remove Petitioner, given the posture of his removal proceedings.[3]  Finally, Petitioner's request for immediate release goes beyond the "limited nature of a [TRO]" and instead requests "mandatory, affirmative relief[,]" which may not be afforded via a TRO.  Hope v. Warden York County Prison (Hope I), 956 F.3d 156, 162 (3d Cir. 2020).

       IT IS SO ORDERED.[4]

July 3, 2026
                                     s/Cathy Bissoon
                                     Cathy Bissoon
                                     Chief United States District Judge

cc (via First Class U.S. Mail):
Oscar Chali Jacobo
A# 222-572-260
Moshannon Valley Processing Center
SPECIAL MAIL OPEN ONLY PRESENCE OF INMATE
555 GEO Drive
Philipsburg, PA 16866

---

is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ."); 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal.").

[3] At the time of this ruling, the Executive Office for Immigration Review's case status page (accessible at https://acis.eoir.justice.gov/en/) reflects that Petitioner has an upcoming Master Hearing on July 16, 2026 and presents no indication that a final order of removal has been issued.

[4] To the extent Petitioner seeks a Preliminary Injunction and resolution of his Petition, those matters remain pending before this Court.  The Court promptly will consider this relief when determining the merits of the Petition on an expedited case management schedule.